Gail Harrison and Nellda Thomas, Appellants, v. Yellow Cab Company and City of Chicago, Appellees.

Gen. No. 41,382.

Opinion filed January 20, 1941. Rehearing denied February 5, 1941.

C. HELMER JOHNSON and JOHN W. LEE, both of Chicago, for appellants; J. F. VAN WAKEMAN, of Chicago, of counsel.

SAMUEL A. & LEONARD B. ETTELSON, of Chicago, for certain appellee; EDWARD C. HIGGINS and ROBERT E. SAMUELS, both of Chicago, of counsel.

BARNET HODES, Corporation Counsel, for certain other appellee; J. HERZL SEGAL, LOUIS H. GEIMAN and ADAM E. PATTERSON, Assistant Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs brought an action against defendants to recover damages for personal injuries claimed to have been sustained by them through the negligence of defendant Yellow Cab Company in driving a cab in which plaintiffs were riding as passengers, and the negligence charged against the city was that it negligently permitted a hole to remain in the pavement of the street, as a result of which the accident happened. There was a jury trial and at the close of the evidence the court sustained the city's motion for a directed verdict in its favor. The case was then submitted to the jury as against the Yellow Cab Company and a verdict returned in favor of it and plaintiffs appeal.

Plaintiffs contend (1) that the verdict in favor of the cab company is against the manifest weight of the evidence and (2) the court erred in directing a verdict for the city.

The record discloses that plaintiffs lived at the Weston Hotel, located at 355 West Madison street, which is at the southwest corner of Madison and Market streets, and at the south end of Wacker drive. On the evening of April 8, 1938, plaintiff, Mrs. Thomas, had gone to see her physician whose office was located on the near north side at Rush street and Grand avenue. She was accompanied by plaintiff, Miss Harrison. After Mrs. Thomas was treated by the doctor they left his office at about 8:00 o'clock and boarded a taxicab of the Yellow Cab Company to go to the Weston Hotel. While proceeding south on Wacker drive, and when in front of the Civic Opera Building, the cab struck a hole in the street or a ridge of ice (as defendant city contends) about 45 or 50 feet north of the north curb of West Madison street. Plaintiffs were thrown in the cab by reason of the jolt and injured.

Plaintiffs testified the cab was traveling at about 35 to 40 miles per hour at the time, while the cab driver testified he was going at from 15 to 18 miles an hour;

that the traffic light at the intersection was red at the time and he was driving south and intended to turn east on the north side of the hotel to permit plaintiffs to alight.

The evidence further shows that at the time of the accident the cab was stopped within a short distance, the driver got out to see if plaintiffs were injured, and his testimony is to the effect that the injuries, if any, were slight; that he continued to the hotel where plaintiffs got out and paid their fare. On the other hand, plaintiffs' testimony and that of the doctor who treated them is to the effect that Miss Harrison sustained severe injuries and Mrs. Thomas was not so severely injured.

There is other testimony that there was a hole in the pavement of Wacker drive about 45 or 50 feet north of Madison street, approximately 5 inches deep, 3 or 4 feet long and about the same width. The evidence further shows there had been a heavy snow during the early days of April, many streets and highways were impassable. At the time of the accident, the snow was 9 inches deep as shown by the records of the Weather Bureau. The report of the Weather Bureau further stated: ''The outstanding feature was the heavy snowfall, 9.1 inches occurring on the 5–6, and 4.5 inches on the 8th. This total of 13.6 inches is by far the greatest for any April of record.'' Two witnesses who worked at the Civic Opera Building testified there was no hole or depression in the street at the place in question. The city's position is that the accident was not caused by a hole in the street but the only cause of the jar of the taxicab resulted when it hit a ridge of ice on the street.

The evidence as to whether the accident resulted from a hole in the street or from a ridge of ice was conflicting and we think the better practice to be followed, when at the close of all the evidence the city moved for a directed verdict, was for the court to re-

serve his decision as provided in § 68 of the Civil Practice Act. (Ch. 110, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.068].) We think there was a question of fact and the court should have submitted the case to the jury as to both defendants. Defendant city's contention that it was not liable (because ice and snow formed on the street as the result of natural causes and therefore the court properly directed a verdict in its favor) under the evidence, cannot be sustained. It was for the jury to decide whether the ice or hole or both caused the accident.

We are also of opinion we would not be warranted in disturbing the verdict of the jury finding the Yellow Cab Company not guilty because we are unable to say that such finding, approved as it was by the trial judge, is against the manifest weight of the evidence.

For the reasons stated, the judgment on the verdict in favor of the Yellow Cab Company is affirmed, the judgment as to the City of Chicago is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Judgment as to Yellow Cab Company affirmed and as to city of Chicago reversed and remanded.*

MATCHETT and McSURELY, JJ., concur.